## *In re* KEY.

ORIGINAL.

No. 13. . Argued April 6, 1903.—Decided April 27, 1903.

Judgment before a justice of the peace of the District of Columbia against Key and Scott, and appeal to the Supreme Court of the District with a Guaranty Company as surety on the undertaking on appeal. Judgment in the latter court in favor of Scott, and against Key and the Guaranty Company. Appeal to the Court of Appeals by Key alone without summons and severance or any equivalent, and motion to dismiss for want of parties, and want of jurisdiction of such an appeal. Dismissed on the latter ground in accordance with previous ruling.

*Held:* That an application to this court for a writ of mandamus to the Court of Appeals to reinstate the appeal and decide the case on the merits must be denied.

THE case is stated in the opinion of the court.

*Mr. Frederic D. McKenney* for petitioner. *Mr. Henry P. Blair* and *Mr. John Spalding Flannery* were on the brief.

*Mr. William C. Prentiss* for respondents.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

William F. Roberts brought an action against J. S. Barton Key and James P. Scott, in February, 1901, before a justice of the peace of the District of Columbia, and recovered judgment for $196.30, whereupon Key and Scott carried the case by appeal to the Supreme Court of the District of Columbia, giving an undertaking on appeal with the United States Fidelity and Guaranty Company as. surety. The case was tried in the District Supreme Court and resulted in a judgment in favor of Scott 'and against. Key and the Guaranty Company. From this judgment Key alone prosecuted an appeal to the Court of Appeals of the District of Columbia, without summons and severance or any equivalent. Roberts moved to dismiss on two

grounds: (1) The want of parties, *Mason* v. *United States*, 136 U. S. 581; *Hardee* v. *Wilson*, 146 U. S. 179; (2) That the Court of Appeals had no jurisdiction on appeal from the judgment of the court below in such cases.

The Court of Appeals had held in *Groff* v. *Miller*, 30 Wash. Law Rep. 434, that such an appeal could not be maintained, and accordingly dismissed the appeal in this case on the second ground. 30 Wash. Law Rep. 436. Key then applied to this court for leave to file a petition for mandamus requiring the Court of Appeals to reinstate the appeal and proceed to a hearing and determination of the same on the merits. Leave was granted, and due return has been made to a rule entered on the petition thereupon filed.

The case could not have been brought here on appeal or writ of error. Code Dist. Col. § 233. And no application for certiorari was made under § 234. Act of March 3, 1901, 31 Stat. 1189, c. 854.

The controversy in respect of appeals to the Court of Appeals from judgments in the Supreme Court of the District in cases appealed from justices of the peace, raised under sections 82 and 226 of the act of 1901, was not only disposed of by the Court of Appeals in *Groff* v. *Miller*, but determined by the repeal of section 82 by the act of June 30, 1902. 32 Stat. 520, c. 1329.

The writ of mandamus cannot be used to perform the office of an appeal or writ of error, and does not lie to review a final judgment or decree sustaining a plea to the jurisdiction, even if no appeal or writ of error is given by law. It is not granted in doubtful cases, or where there is another adequate remedy, and whether it shall go or not usually rests in the sound discretion of the court. If sometimes demandable *ex debito justitiæ*, it is certainly not on a record like this. *American Construction Company* v. *Jacksonville Railway Company*, 148 U. S. 372, 379; *In re Rice, Petitioner*, 155 U. S. 396, 403; High on Extr. Remedies, 3d ed. § 9.

Tested by these well settled principles,

*The rule must be discharged and the petition dismissed.*