# MOORE v. UNITED STATES EX REL. LINDMARK.

---

PATENTS; MANDAMUS; INTERFERENCE; APPEALS.

1. The Commissioner of Patents, in passing upon applications and deciding controversies between rival applicants for patent for the same invention, exercises a power that is essentially judicial; and for that reason Congress has the power to provide for a review of his decisions by appeal to the courts.

2. The writ of mandamus cannot be used to perform the office of an appeal or writ of error, or granted in any case where there is another adequate remedy. (Following *Seymour* v. *United States ex rel. South Carolina,* 2 App. D. C. 240, and *Seymour* v. *United States ex rel. Brodie,* 10 App. D. C. 567.)

3. Mandamus will not lie at the instance of one of the parties to an interference, to compel the Commissioner of Patents to fix a time for the taking of testimony in the interference, where the Commissioner had denied a motion to that effect on the ground that a previous decision of this court involved the merits of the controversy and was final and binding upon the parties and the Patent Office, but made no order awarding priority to the successful party. Under such circumstances, the unsuccessful party should await that order and then appeal.

4. It may be doubted whether the right that the party to whom a patent has been granted has, under sec. 4918, U. S. Rev. Stat., U. S. Comp. Stat., 1901, p. 3394, to attack a patent for the same invention, granted to another party, affords him such an adequate remedy as will prevent relief being granted him by mandamus, if otherwise he would be entitled to it.

5. The decision of this court in *De Ferranti* v. *Lindmark,* 32 App. D. C. 6, denying a petition by the appellee therein to instruct the Commissioner of Patents to allow the appellee to proceed with the taking of testimony in an interference case, in order to establish his right of priority over the appellant, was not intended as a determination of the question as to which of the parties was entitled to an award of priority.

No. 2022.   Submitted October 12, 1909.   Decided November 2, 1909.

HEARING on an appeal by the respondent, the Commissioner of Patents, from an order of the Supreme Court of the District of Columbia, directing the issuance of the writ of mandamus to him, commanding him to vacate a decision rendered by him in an interference proceeding.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the Commissioner of Patents from an order directing a writ of mandamus to issue commanding him to vacate a decision rendered in an interference proceeding in the Patent Office.

It is unnecessary to recite the allegations of the petition and return, as there is no dispute concerning the facts which are matters of record.

Relator, Tore K. Lindmark, filed an application for a patent for an exhaust heater for compound motors, on January 19th, 1903. October 31, 1903, one De Ferranti filed an application for patent for an improvement in steam turbines, and on March 9, 1905, filed another application as a division of the first. Pending this rival application, and without declaration of interference between the two, a patent was issued to Lindmark, November 1, 1904. On August 8th, 1905, an interference was declared between the divisional application of De Ferranti and the patent to Lindmark. Lindmark's preliminary statement alleged that he had filed an application in Sweden for a patent on June 18th, 1902, and had disclosed his invention to others in the United States on or about October 15th, 1902. The statement of De Ferranti alleged, among other things, that he had applied for a patent in Great Britain on November 11, 1902.

Rule 114 of the Patent Office provides that, if a preliminary statement of the junior party in interference fails to overcome the prima facie case made by the respective dates of the applications, the party will be notified by the Examiner of Interferences that judgment will be rendered against him on the record. The Examiner gave no such notice in this case, but issued notice on March 2d, 1906, to take testimony. On the same day the parties stipulated that they should have until May 1, 1906 to enter motions to dissolve, "or any other motions they may desire to make, and that, in the meantime, all the proceedings herein shall be stayed." The Office then entered an order that no testimony be taken before May 1st; that De Ferranti's testimony in chief close July 2d; that Lindmark's close September 4th; that De Ferranti's rebuttal close September 19th; and that final hearing be had November 19th, 1906. March 23d, 1906, Lindmark moved for a judgment of priority on the record dates of Lindmark and the allegations of De Ferranti's statement.

It seems that the Examiner of Interferences required a stipu-

lation as to certain facts before passing on this motion. The following stipulation was then signed by the parties and filed: "It is hereby stipulated and agreed by and between the respective parties to the above entitled interference, that the parties De Ferranti and Lindmark are the same parties De Ferranti and Lindmark who filed the applications for foreign patents specified in the oaths attached to their respective U. S. application, and in their preliminary statements, and that De Ferranti and Lindmark, named herein, are the same De Ferranti and Lindmark named in interference No. 25,459." The Examiner of Interferences held that neither party was entitled to the filing date of his foreign application under the provision of the act of Congress approved March 3d, 1903; and inasmuch as Lindmark was the first to file his application in the United States, he awarded priority to him on the motion aforesaid.

This decision was affirmed in succession on De Ferranti's appeal by the Examiners in Chief and the Commissioner. On appeal to the court of appeals by De Ferranti, the decision of the Commissioner was reversed. The court of appeals was of the opinion that the act of March 3d, 1903, had no retroactive effect, so as to authorize Lindmark to claim the benefits of his foreign application in support of his United States application, filed before the statute was enacted. Therefore, as De Ferranti had filed since the enactment, he was entitled to the benefits of the date of his foreign application, which was prior to the United States application of Lindmark. *De Ferranti* v. *Lindmark,* 30 App. D. C. 417. (Decided February 11, 1908.)

On March 5, 1908, after the filing of the mandate in the said case, Lindmark filed a motion to the effect that, the motion having been decided adversely to him, the Examiner of Interferences shall set times for taking testimony in the interference proceeding. This motion was denied on March 12th, 1908, by the Examiner of Interferences, whose conclusion was that the decision of the court of appeals was upon the merits, and final, and the Patent Office was without authority to reopen the case for further evidence. An appeal from this decision was taken to the Commissioner, Lindmark

contending that the decision of the court of appeals was "not that De Ferranti was the first inventor, but simply that he had a right to tie his United States application to his British application, under the statute of March 3d, 1903." The Commissioner, in a decision reciting the history of the case, showing the order and agreement for taking testimony, the presentation of the motion for judgment in the record, the stipulation of the parties thereon, and the various orders and decisions therein, concluded that the effect of the decision of the court of appeals was a final declaration of priority in favor of De Ferranti, and deprived the Office of power to reopen the case for the presentation of further evidence. Hence, the decision appealed from was affirmed. Thereafter, in May, 1908, Lindmark filed a petition in the court of appeals, praying that court to instruct the Commissioner that its judgment was not a final judgment awarding priority to De Ferranti, and that he allow petitioner to proceed with the taking of testimony to establish his right of priority over De Ferranti. The petition was dismissed on June 2, 1908, on the ground that said court had no original jurisdiction to direct and supervise the administration of the Patent Office. 32 App. D. C. 6.

Thereafter, Lindmark filed a petition with the Commissioner, in the nature of a petition for rehearing, asking him to vacate his former order denying the right to take testimony. This was dismissed October 3d, 1908. No further proceeding appears to have been prosecuted in the Office, and there is no record of any further order in the interference case.

November 14th, 1908, this petition was filed in the supreme court of the district, praying a writ of mandamus to compel the Commissioner to vacate his said orders, and to issue a notice to the parties, fixing times for the taking of testimony, and for a final hearing in the interference proceeding.

This petition and the return of the Commissioner thereunto disclose the facts hereinbefore recited. The plaintiff moved for an order issuing the writ, notwithstanding the return.

On the record, the court granted the motion, and entered a judgment directing the writ to issue. From that order the Commissioner of Patents has prosecuted this appeal.

*Mr. F. A. Tennant* and *Mr. Webster R. Ruckman* for the appellant.

*Mr. George R. Hamlin, Mr. Frank S. Busser,* and *Mr. George J. Harding* 'for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The Commissioner of Patents, in passing upon applications, or deciding controversies between rival applicants for patent for the same invention, exercises a power that is essentially judicial. For that reason, Congress has the power to provide for a review of his decisions by appeal to the courts. *United States* v. *Duell,* 172 U. S. 576, 43 L. ed. 559, 19 Sup. Ct. Rep. 286. And, in the exercise of that power, an appeal has been given to this court from his order finally rejecting an application for a patent, and from his final orders in interference proceedings.

When the decision of the Commissioner in favor of Lindmark was reversed by this court and certified to him, he construed it to be a final determination of the controversy between the parties, and, in effect, an award of priority to De Ferranti. The contention of Lindmark that the decision was merely on the merits of his motion for judgment was overruled, and his motion to set a time for taking testimony on other issues in the case and for a final hearing thereon was consequently denied.

Nothing is better settled than that the writ of mandamus cannot be used to perform the office of an appeal or writ of error, or granted in any case· where there is another adequate remedy. *United States* v. *Duell,* 172 U. S. 576, 586, 43 L. ed. 559, 563, 19 Sup. Ct. Rep. 286; *Re Key,* 189 U. S. 84, 47 L. ed. 720, 23 Sup. Ct. Rep. 624; *Ex parte Newman,* 14 Wall. 152, 165, 20 L. ed. 877, 879; *Seymour* v. *United States ex rel. South Carolina,* 2 App. D. C. 240, 245; *Seymour* v. *United States ex rel. Brodie,* 10 App. D. C. 567, 569.

In *Ex parte Newman,* supra, the circuit court had reversed

a decree of the district court, sustaining a libel for wages due certain foreign seamen, and dismissed the libel for want of jurisdiction. The amount involved was not sufficient to authorize an appeal to the Supreme Court, and the libellants filed a petition for a mandamus in that court. In an opinion denying the writ, Mr. Justice Clifford said (page 165, 169): "Applications for a mandamus to a subordinate court are warranted by the principles and usages of law in cases where the subordinate court, having jurisdiction of a case, refuses to hear and decide the controversy, or where such a court, having heard the cause, refuses to render judgment or enter a decree in the case; but the principles and usages of law do not warrant the use of the writ to re-examine a judgment or decree of a subordinate court in any case; nor will the writ be issued to direct what judgment or decree such a court shall render in any pending case, nor will the writ be issued in any case if the party aggrieved may have a remedy by writ of error or appeal, as the only office of the writ, when issued to a subordinate court, is to direct the performance of a ministerial act, or to command the court to act in a case where the court has jurisdiction and refuses to act; but the supervisory court will never prescribe what the decision of the subordinate court shall be, nor will the supervisory court interfere in any way to control the judgment or discretion of the subordinate court in disposing of the controversy.   *   *   *   Superior tribunals may, by mandamus, command an inferior court to perform a legal duty where there is no other remedy, and the rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been erroneously performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge, directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be done; or, if it be ministerial, the mandamus will direct the specific act to be performed."

In this case the Commissioner did not refuse to entertain the motion. He gave the party a hearing, and then rendered

his decision denying the motion. But the interference was not then finally disposed of. No order was entered denying the application of Lindmark, and directing patent to issue to De Ferranti. All that remained to be done by the Commissioner to give effect to the conclusion expressed in his decision on the motion was to render such a final order or decision. Had this been done, Lindmark would have had a right of appeal to this court, in which the action of the Commissioner in the premises could be reviewed. But he did not wait for the entry of the final order, and seeks to review the action of the Commissioner on his motion through this proceeding by mandamus. He should have awaited that order, which has apparently been postponed by this proceeding, and then appealed. *Re Connecticut Mut. L. Ins. Co.* 131 U. S. clxxx Appx. and 26 L. ed. 561. That case is directly in point. The court below had refused leave to the petitioner to file a petition in a pending suit to compel the master to show cause why he should not be ordered to make a certain deed in accordance with a sale that had been made by him under an order entered in that suit. He applied for a writ of mandamus to compel the execution of the deed. In denying the petition, Chief Justice Waite said: "From the whole case, as presented by the parties, we infer that the court below, as constituted when the application was made, thought the deed ought not to be executed, and it is possible the order now complained of may be the equivalent of a final decree in the cause to that effect, from which an appeal to this court may be taken. But whether that be so or not, we will presume the Court below will not hesitate, on a proper application, to put the record in a shape to enable us to pass on that question in the ordinary course of proceeding to obtain our review. Mandamus can only be resorted to when other remedies fail. It is an extraordinary writ, and should only be used on extraordinary occasions. Here the parties have ample remedy by appeal if they put their case in a condition for such a form of proceeding. As the relator presents his case on this application, he must avail himself of that remedy. We cannot, under the facts he states, expedite the determination of his cause by mandamus."

It has been urged on behalf of the appellant, that the relator had another complete remedy in the case. Having a patent, it is said, he could attack a patent to De Ferranti by virtue of the provisions of sec. 4918, Rev. Stat., U. S. Comp. Stat. 1901, p. 3394. The conclusion reached renders a decision of this point unnecessary, though it may be doubted if this is such an adequate remedy as would prevent relief by mandamus in a case where otherwise the party might show himself entitled to it.

In view of the disposition to be made of this case, it would be improper to express or intimate an opinion in respect of the finality and conclusiveness of the decision of this court in the appeal in the case of *De Ferranti* v. *Lindmark,* 30 App. D. C. 417.

It is proper to say, however, that the dismissal of the petition of Lindmark for a construction of the decision as entered in that case was not intended as a determination of the question involved. The time had then elapsed within which a motion for rehearing or to amend the order could be entertained, and the mandate had been issued and delivered to the Commissioner. All that was decided on that petition was, as disclosed in the brief opinion delivered by Mr. Justice Van Orsdel, that "this court  *  *  *  has no original jurisdiction to direct and supervise the administration of the affairs of the Patent Office. The allowance of this petition, and the issuance of an order such as prayed for therein, would be an assumption of power such as this court does not possess." 32 App. D. C. 6.

For the reason given, the judgment will be reversed with costs, and the cause remanded with direction to dismiss the petition.

*Reversed.*