## LE CRONE *v.* McADOO.

### Mandamus; Another Adequate Remedy.

Mandamus will not lie to compel the Secretary of the Treasury to pay a fund in his hands to a receiver appointed by a state court, pending the termination of two equity suits in the supreme court of the District by two other claimants of the fund, in which suits the court has full power to dispose of all questions raised by the receiver, or which he may subsequently raise, and to grant him complete relief with respect to every right which he may have to the fund in controversy. (Citing *Moore* v. *United States,* 33 App. D. C. 597; *Seymour* v. *United States,* 2 App. D. C. 240; and *Seymour* v. *United States,* 10 App. D. C. 567.)

No. 3182. Submitted October 17, 1918. Decided November 4, 1918.

Hearing on an appeal from a judgment of the Supreme Court of the District of Columbia denying a petition for a writ of mandamus to compel the Secretary of the Treasury to pay over a certain fund to petitioner.     *Affirmed.*

The Court in the opinion stated the facts as follows:

The appellant, John W. Le Crone, is the receiver of the Orinoco Company, Limited, having been appointed by a Minnesota court. As such receiver he claimed a fund of $56,250 in the hands of the Secretary of the Treasury, and applied to the lower court for a mandamus to compel its payment to him. The Secretary answered that the fund was claimed by two other parties in suits commenced by them on the equity side of the supreme court of the District; that the appellant had

answered to the merits in those cases, and that they were still pending. The Secretary further answered that he should not be required to pay out the fund until the controversy between the appellant and the plaintiffs in those suits was finally determined so that he might disburse it with entire safety to the United States. To this answer appellant demurred. The demurrer was overruled, and the appellant refusing to plead further, his application for the writ was dismissed.

*Mr. Arthur R. Colburn* and *Mr. Geo. N. Baxter,* for the appellant:

The constitutionality and validity of the act of Congress is unquestioned and unquestionable.

"The right claimed is established by positive law, and the duty required to be performed is clear and specific, and there is no other remedy." *Kendall* v. *United States,* 12 Pet. 524, 613, 614.

Appellant's petition is founded on the proposition that it is the duty of appellee to obey the law. Mandamus is the only means of enforcing compliance with it. *United States* v. *Schultze,* 102 U. S. 378, 393; *Parrish* v. *MacVeagh,* 214 U. S. 124; *McAdoo* v. *Ormes,* 46 Wash. L. Rep. 101.

No court of the United States has the power to make a decree enjoining or preventing the execution of a valid act of Congress. *Supervisors* v. *People,* 7 Hill, 511; Lord Ellenborough, in *Pray* v. *Edie,* 1 T. R. 313; *Caminetti* v. *United States,* 242 U. S. 470–485.

"The wisdom of a statute is not a judicial question; nor can the courts correct what they may deem excesses or omissions in the legislation, or relieve against the occasional harsh operation of the statutory provisions." Sutherland, Stat. Constr., sec. 237.

"The legislative branch of the government has authority to enact, and it may, if it sees fit, amend, the law." *Caminetti* v. *United States,* 242 U. S. 470, 491.

If the court has the power to prohibit or prevent the execu-

tion of a valid act of Congress in any case, such subversive jurisdiction could not be exercised in those suits, because—

Appellant is an indispensable party thereto, and it does not appear that jurisdiction over him has been obtained therein.

It does not appear that the suits were brought with the consent of the Minnesota court.

The Secretary of State has an exclusive jurisdiction to determine who were the "beneficiaries" to whom the fund was "due" from the United States. It was invoked and exerted before these suits were instituted, and so became exclusive, if not so originally.

It does not appear that irreparable (or any) injury will be suffered by plaintiffs if the funds are now paid to appellant.

It does not appear that there is any equity in the plaintiffs' bills upon which the court below could base a valid decree preventing payment to appellant or adjudging payment to plaintiffs, even if it had jurisdiction of appellant and of the subject-matter.

No valid decree preventing payment to appellant can be made in those suits unless he has been brought under the jurisdiction, as such decree would deprive him of the funds in controversy without due process of law. That no court has the power to do. *Holden* v. *Hardy,* 169 U. S. 366, 391.

Defendant may answer to the merits without waiving an objection to the jurisdiction that has been taken and overruled. *Harkness* v. *Hyde,* 98 U. S. 476, 479.

The question of jurisdiction or no jurisdiction depends on whether he answered without first taking exceptions to the jurisdiction, or not.

If he answered without exception it is to be supposed that respondent would have said so in his answer.

"Every pleader states his case as favorably to himself as he is able to do." *Stephen* v. *Beall.* 22 Wall. 329, 339.

"When a pleading is susceptible of two meanings, that shall be taken which is most unfavorable to him." *Clark* v. *Dillon,* 97 N. Y. 373; *Lovell* v. *De Bardelaben,* 90 Ala. 15.

It cannot be doubted that appellant is an indispensable party,

and the rule is: "If the court cannot, for any reason, reach or exercise jurisdiction over an indispensable party, the suit will be dismissed." 1 Street, Fed. Eq. Pr. secs. 520, 522; *Ribon* v. *Railroad Co.* 16 Wall. 446, 450.

No court has jursidiction to entertain a suit against a receiver appointed by another court, to deprive him of the property he was appointed to receive, without the consent of such other court. *Wiswell* v. *Samson,* 14 How. 52, 65; *Peale* v. *Phipps,* 14 How. 368, 374; *Barton* v. *Barbour,* 104 U. S. 126, 136, 137; *Comer* v. *Felton,* 61 Fed. 735; *Porter* v. *Sabin,* 149 U. S. 473, 478–480; *Hupfield* v. *Auto. Co.* 66 Fed. 789; *Shields* v. *Coleman,* 157 U. S. 168, 177; *Minot* v. *Mastin,* 37 C. C. A. 237; *Stonestreet* v. *Lohr,* 41 Wash. L. R. 203; *Mulcahy* v. *Strauss,* 151 Ill. 70; *Manker* v. *Loan Asso.* 124 Iowa, 341.

It is assumed to be the rule by the act of Congress (24 Stat. L. chap. 373, sec. 3), which allows suits to be brought without such consent in the especial cases mentioned in the act. *Nominatio unius est exclusio alterius.*

There is no distinction between receiverships in the Federal and state courts. *Shields* v. *Coleman,* 157 U. S. 168, 177; *Porter* v. *Sabin,* 149 U. S. 473, 479.

"The court appointing a receiver draws to itself all controversies over the *res,* and will not, without leave, permit any other court to disturb the possession of its receiver. * * * Any judgment of another court affecting the receiver's right of possession should be held null and void." *Comer* v. *Felton,* 61 Fed. 735.

"This rule is not limited to the property actually in the receiver's possession, but extends to property he has been appointed to receive, but which has not yet come into his possession." High, Receivers, 4th ed. secs. 139, 143, 154; *Barton* v. *Barbour,* 104 U. S. 126, 136, 137.

It is not averred or pretended that these suits were brought or are being prosecuted with the consent of the Minnesota court. *Porter* v. *Kingman,* 126 Mass. 141.

The jurisdiction of the Secretary of State to determine to

whom the fund was due was an exclusive one. *Alling* v. *United States,* 114 U. S. 562, 564; *Foster* v. *United States,* 32 Ct. Cl. 186.

Funds of this character are the property of the United States, and it could dispose of them as Congress saw fit. *Ruslomje* v. *Reg.* L. R. 1 Q. B. Div. 489; *Williams* v. *Heard,* 140 U. S. 529, 537, 538.

Where a right is given by a statute and the same statute prescribes a remedy for the enforcement of it, such remedy is exclusive. *Supervisors* v. *Albany,* 9 Paige, 183; *De Bode* v. *Queen,* 3 Clarke, H. L. Cas. 456.

The determination of the Secretary of State has the force and effect of a judgment of a court of record. *Kendall* v. *United States,* 12 Pet. 524; *West* v. *Hitchcock,* 205 U. S. 80, 86; *Riverside Co.* v. *Hitchcock,* 190 U. S. 316, 324; *De Cambra* v. *Rogers,* 189 U. S. 119, 122; *Noble* v. *Union Co.* 165 U. S. 175; *Thomson* v. *Board,* 57 N. J. L. 629.

No appeal lies from the determination of the Secretary to any court. No ground for questioning its validity is intimated. It cannot be attacked collaterally. It is an estoppel against the assertion of any claim against the fund that was or might have been presented to him for adjudication. Wells, *Res Judicata,* sec. 10; *Parkhurst* v. *Sumner,* 23 Vt. 541; *Credits Co.* v. *United States,* 177 U. S. 311, 315, 316.

"The rule is that one court of concurrent jurisdiction has no power to interfere with the judgments or decrees of another court of the same jurisdiction. Works, Jurisdiction, 68.

The extraordinary remedy by injunction against an act threatened or contemplated by another cannot be resorted to unless it appears that such injury would otherwise ensue. *Cruikshank* v. *Bidwell,* 176 U. S. 73.

Payment to appellant, and the transfer of the funds from the treasury to the registry of the Minnesota court, would not deprive plaintiffs of their rights, if any they have, as they can intervene and assert them in that court. *Porter* v. *Sabin,* 149 U. S. 473, 479; High, Receivers, 4th ed. sec. 139; 2 Street, Fed. Eq. Pr. secs. 1365–1370. Simpkins, Fed. Suit in Eq.

458; *Booth* v. *Clark*, 17 How. 322; *Barton* v. *Barbour*, 104 U. S. 126; *Credits Co.* v. *United States*, 177 U. S. 311.

*Mr. John E. Laskey*, United States Attorney, and *Mr. H. W. Sohon*, Assistant, for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Appellant asserts in argument that the supreme court of the District, in the suits just mentioned, has no power to enjoin the Secretary of the Treasury from paying out the fund; that it does not appear that the court has jurisdiction of him as receiver; that the Minnesota court has exclusive control of the administration of the fund; and that consent has not been given by that court to the institution of the equity suits.

The supreme court of the District is a court of general jurisdiction, and has full power to dispose of all the questions raised by the appellant, or which he may hereafter raise, and to grant him complete relief with respect to every right which he may have to the fund in controversy. About this we do not understand that there is, or can be, any debate. Under these circumstances he is not entitled to the writ of mandamus. That writ is an extraordinary one, and not to be resorted to except where there is no other legal remedy. In *Moore* v. *United States*, 33 App. D. C. 597, 602, the late Chief Justice of this court said: "Nothing is better settled than that the writ of mandamus cannot be * * * granted in any case where there is another adequate remedy." (To the same effect are *Seymour* v. *South Carolina*, 2 App. D. C. 240, 245; *Seymour* v. *United States*, 10 App. D. C. 567, 569.) This is in harmony with the decisions of the Supreme Court of the United States. *Re Key*, 189 U. S. 84, 85, 47 L. ed. 720, 721, 23 Sup. Ct. Rep. 624, and *Re Pennsylvania Co.* 137 U. S. 451, 453, 34 L. ed. 738, 739, 11 Sup. Ct. Rep. 141.

The judgment of the court dismissing the petition is affirmed, with costs.                              *Affirmed.*

A writ of error from the Supreme Court of the United States was received February 3, 1919.