# UNITED STATES EX REL. HALL *v.* LANE.

---

PUBLIC LANDS; SECRETARY OF INTERIOR; DECISION; REVIEW BY MANDAMUS; ANOTHER ADEQUATE REMEDY; SCANDALOUS MATTER; STRIKING FROM RECORDS.

1. Mandamus will not lie against the Secretary of the Interior to control

NOTE.—On power of courts to enforce ministerial duties of heads of departments, particularly as to Secretary of the Interior, see note in 52 L.R.A.(N.S.) 435.

him in discharging an official duty in the administration of the public lands which requires the exercise of his judgment and discretion, unless he acts outside of the law. . (Citing *United States ex rel. Red River Lumber Co.* v. *Fisher*, 39 App. D. C. 181; *O'Brien* v. *Lane*, 40 App. D. C. 493; *Handel* v. *Lane*, 45 App. D. C. 389; and *United States ex rel. Ashley* v. *Roper, ante,* 69.)

2. The decision of the Secretary of the Interior that an act of Congress forbidding adverse appropriation of public land during a period within which a State had the exclusive right to select the land does not prohibit the filing by an individual of an application for entry during such period is not so clearly without basis in the law as to render such decision reviewable by writ of mandamus.

3. The writ of mandamus can never be used as a substitute for a writ of error.

4. A writ of mandamus to compel the Secretary of the Interior to approve the petitioner's homestead application for public land by holding a prior application invalid will be denied, because the petitioner has another adequate remedy by a suit in equity to have the title, as soon as a patent is issued to the prior applicant, impressed with a trust in his favor. (Citing *Moore* v. *United States,* 33 App. D. C. 597; and *Le Cronne* v. *McAdoo, ante,* 181.)

5. A brief, upon a petition for mandamus to compel the Secretary of the Interior to approve the petitioner's homestead application for public land, charging the Land Department with deciding cases under the pressure of a railroad's influences, and a so-called answer, containing the same charge, to a motion to strike the brief on the ground that the charge is libelous and scandalous, will be stricken from the records, where there is no basis for the charge in the record.

No. 3196. Submitted December 2, 1918. Decided January 6, 1919.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia dismissing a petition for mandamus.                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

Verdine R. Hall filed a petition in the supreme court of the District of Columbia in which he asked for a mandamus against the Secretary of the Interior, directing him to approve the pe-

titioner's homestead application for certain lands in Montana; to order the register and receiver of the proper land office to permit an entry by him of the lands under the Homestead Laws; and to cause proper evidence of the allowance of his entry to be delivered to him. A rule to show cause was issued to which the Secretary made a return. The petitioner demurred to the return; the demurrer was overruled; and, he electing to stand on his demurrer, the petition was dismissed.

The governor of Montana, pursuant to an act of Congress approved in 1894 (28 Stat. at L. 394, chap. 301, Comp. Stat. 1916, § 4876), made application for the survey of an unsurveyed township in that State for the purpose of satisfying the public land grants made to the State. In the act it was provided that the lands affected "shall be reserved upon the filing of the application for survey from any adverse appropriation by settlement or otherwise except under rights that may be found to exist of prior inception, for a period to extend from such application for survey until the expiration of sixty days from the date of the filing of the township plat of survey in the proper district land office, during which period of sixty days the State may select any of such lands not embraced in any valid adverse claim."

The act also provides for a notice "to all parties interested of the fact of such application for survey and the exclusive right of selection by the State for the aforesaid period of sixty days as herein provided for; and after the expiration of such period of sixty days any lands which may remain unselected by the State, and not otherwise appropriated according to law, shall be subject to disposal under general laws as other public lands."

On May 17, 1915, a survey plat of the township in which the land in controversy is situated was filed in the proper district land office. Thereafter on June 4, 1915, the State exercised the right of selection given to it by the act of Congress, but did not take the lands here involved. On May 25, same year, one Kennedy filed an application to make homestead entry for the land in dispute. His application was at first

rejected by the land office for the stated reason that the land was not open to entry until the lapse ·of the sixty-day period within which the State had "the exclusive right" to select the land.    But later, to wit, on June 4, the office reversed its decision and held that, while Kennedy's application could not become effective until the sixty-day period had elapsed, it would be treated as suspended only during that period.    Upon the completion of the period, the State not having selected the land upon which Kennedy had filed, the land office allowed his application.    June 5, 1915, or the day after the land office reversed the decision, as just stated, Hall performed certain acts of settlement on the land and on July 17 filed an application to enter it.    This application was denied on the footing .that it was subsequent to the Kennedy application, which was treated as effective from the moment the sixty-day period had expired.    From this decision Hall appealed to the Commissioner of the General Land Office, and, being unsuccessful there, took his case before the Secretary of the Interior, who affirmed the Commissioner.

He contends that it was illegal for the Secretary to give any force to Kennedy's application, ʻsince it was filed within the sixty-day period during which "the lands were reserved from any adverse appropriation;" that since Kennedy did not make application after the expiration of that period he has no valid application on file, and hence that he, Hall, should be regarded as the only applicant.

*Mr. Patrick H. Loughran* for the appellant.

*Mr. Charles D. Mahaffie* and *Mr. C.·Edward Wright* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The Secretary of the Interior, in reaching the conclusion complained of, was required to interpret the Act of 1894 and apply it to the facts disclosed by the record before him.    In

doing this he exercised the powers conferred upon him by Congress to administer the public lands. Within the domain of those powers he is free from the control of the courts. "Congress has constituted the Land Department, under the supervision and control of the Secretary of the Interior, a special tribunal with judicial functions, to which is confided the execution of the laws which regulate the purchase, selling, and care and disposition of the public lands. Neither an injunction nor mandamus will lie against an officer of the Land Department to control him in discharging an official duty which requires the exercise of his judgment and discretion." *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 324, 47 L. ed. 1074, 1078, 23 Sup. Ct. Rep. 698. This has often been decided by the Supreme Court of the United States and by this court. *Decatur* v. *Paulding,* 14 Pet. 497, 10 L. ed. 559; *Marquez* v. *Frisbie,* 101 U. S. 473, 25 L. ed. 800; *Gaines* v. *Thompson,* 7 Wall. 347, 19 L. ed. 62; *O'Brien* v. *Lane,* 40 App. D. C. 493, 495; *United States ex rel. Red River Lumber Co.* v. *Fisher,* 39 App. D. C. 181; *Handel* v. *Lane,* 45 App. D. C. 389; *United States ex rel. Ashley* v. *Roper,* ante, 69, 75.

To be sure, where the Secretary acts ministerially or arbitrarily,—where it is clear his decision has no basis in the law, that he acts outside of the law,—the rule is otherwise. *Roberts* v. *United States,* 176 U. S. 221, 230, 44 L. ed. 443, 446, 20 Sup. Ct. Rep. 376; *American School* v. *McAnnulty,* 187 U. S. 94, 47 L. ed. 90, 23 Sup. Ct. Rep. 33; *O'Brien* v. *Lane,* 40 App. D. C. 493, 495. But that is not this case. It cannot be correctly said that when the Secretary held that the act of Congress, forbidding adverse appropriation of the land during the sixty-day period, did not prohibit the filing of an application for entry while that period lasted, he completely missed the significance of the act. Indeed, it might well be said that his decision rested on a sound foundation; that filing an application did not constitute an "adverse appropriation" of the lands, a taking of them "to oneself in exclusion of all others"

(Webster's Dict.). But upon this we express no opinion, because it would not be proper to do so.

There is nothing in the record which differentiates this case from any other in which a party has been unsuccessful before the Interior Department. If Hall has a right to a writ of mandamus in this case, then every defeated litigant before the Department would have a like right. And if we admit that he would, it must be on the assumption that this court has the power to review the decision of the Secretary of the Interior upon an application for such a writ. But it does not possess that power, for it is familiar law that "the writ [of mandamus] never can be used as a substitute for a writ of error." *United States ex rel. Riverside Oil Co.* v. *Hitchcock, supra.*

There is another reason why the appellant has no standing in court. If Hall's claim is sound, he can, as soon as a patent has been issued to Kennedy, bring a suit in equity to have the title impressed with a trust in his favor. In such a suit Kennedy would be a party and could defend his rights, if he has any, something which he may not do in the present case. The only question involved would be one of law. Hall would be at no disadvantage in presenting his claim by reason of the fact that Kennedy held the patent. Every right which he here asserts could be fully guarded in that suit. In *Litchfield* v. *Register* (*Litchfield* v. *Richards*), 9 Wall. 575, 578, 19 L. ed. 681, 682, the court denied an application for an injunction to restrain the officers of the Land Department from taking action with respect to a dispute as to whether or not a certain piece of land was subject to entry, saying: "After the land officers shall have disposed of the question, if any legal right of plaintiff has been invaded, he may seek redress in the courts. He insists that he now has the legal title. If the Land Department finally decides in his favor, he is not injured. If they give patents to the applicants for pre-emption, the courts can then in an appropriate proceeding determine who has the better title or right."

In the recent case of *Minnesota* v. *Lane,* 247 U. S. 243, 250, 62 L. ed. 1098, 1101, 38 Sup. Ct. Rep. 508, where a like ques-

tion was involved, the court said: "The remedy must be sought in the courts after the issuance of patent. Under such circumstances as are here disclosed this court has uniformly so held." Hall has therefore an adequate remedy without resorting to an application for a writ of mandamus, and where this is so the writ will be denied. *LeCrone* v. *McAdoo, ante,* 181; *Moore* v. *United States,* 33 App. D. C. 597, 602; *Re Key,* 189 U. S. 84, 85, 47 L. ed. 720, 721, 23 Sup. Ct. Rep. 624; *Re Pennsylvania Co.* 137 U. S. 451, 453, 34 L. ed. 738, 739, 11 Sup. Ct. Rep. 141.

With reluctance we approach the disposition of another matter. Counsel for appellant, by leave of court, filed a supplemental brief after the argument at the bar. Therein he charged the Land Department with deciding cases "under the pressure of argumentative or *other influences* brought to bear by the Northern Pacific Railway Company." The appellee moved to strike the brief on the ground that "the statement is by innuendo libelous and scandalous." In opposition counsel for the appellant filed another paper, which he denominated an answer, and which is only just a little less offensive than the first. The clear intimation of the statement quoted is that the Land Department of the government has been controlled in certain cases by sinister influences. Of course there is no basis for this in the record,—it is wholly gratuitous. Just why a member of this bar should make a charge so groundless is difficult to understand. It advantages neither him nor his client. The motion to strike is sustained, and the so-called answer is also stricken from the records.

The judgment of the court below, being in all respects correct, is affirmed, with costs.                    *Affirmed.*

Mr. Justice ROBB concurs on the ground that appellant has an adequate remedy without resorting to the writ of mandamus; that is, he concurs in the opinion except as to the first point.

A motion for the allowance of a writ of error from the Supreme Court of the United States was granted March 7, 1919.