### UNITED STATES ex rel. McDUFFIE v. HAWLEY et al.

(Court of Appeals of District of Columbia. Submitted October 6, 1920. Decided November 8, 1920.)

#### No. 3417.

Mandamus ⚫➡3 (1)—Not issued to require licensing of dentist, where board offers another examination.

Mandamus will not issue to compel the board of dental examiners to issue a certificate authorizing relator to practice dentistry, on the relator's claim that he did not fail in his examination, but that the board willfully and fraudulently refused to issue the certificate, if the relator has a remedy by taking a second examination, which the board offered to give him.

Appeal from the Supreme Court of the District of Columbia.

Mandamus by the United States, on the relation of Charles R. McDuffie against C. A. Hawley and others. Application denied, and relator appeals. Affirmed.

W. G. Gardiner, of Washington, D. C., for appellant.

F. H. Stephens and P. H. Marshall, both of Washington, D. C., for appellees.

SMYTH, Chief Justice. The application of the relator for a writ of mandamus, commanding the board of dental examiners of the District of Columbia to issue a certificate authorizing him to practice dentistry in the District, was denied by the lower court, and he brings the case here for review.

An act of Congress declares:

"That it shall be unlawful for any person to practice dentistry in the District of Columbia unless such person shall register with the health officer in compliance with the requirements hereinafter provided."

It provides for the appointment of a board of dental examiners by the commissioners of the District, directs that they test the fitness and pass on the qualifications of persons desiring to commence the practice

⚫➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of dentistry in the District, and "certify to the health officer for registration such as prove, under examination in' theory and practice of dentistry, qualified in the judgment of the board to practice dentistry in said District." 27 Stat. 42.

Relator applied to the board for leave to take an examination to the end that he might secure a license to practice his profession. He was examined in the practice only of dentistry, and failed, in the judgment of the board. At his request he was given a second examination, and he again failed. Some 14 days afterwards the board wrote him that they had been informed that he was not satisfied with the result of his examination, that they had been advised that it was illegal for them "to waive the theoretical examination," and that they would be willing to give him the "entire examination at as early a date as a sufficient number of other candidates may be available to take the test." It should be noted, in passing, that the statute requires an examination in both theory and practice, but the board waived the theory examination.

Relator declined to submit to another examination, and applied for a mandamus to compel the board to give him a certificate to practice. He claims that he did not fail in his examination; but, notwithstanding this, the board, he says, "wilfully, deliberately, and fraudulently refused to license him." The charge of fraud is based on the assumption that he passed the necessary examination, and he offers to prove to the satisfaction of the court that he is qualified to practice dentistry.

The board is ready and willing to give him another examination. If he takes it, he may succeed. He has open to him, therefore, a means by which he may obtain what he says he is entitled to, without resort to mandamus. It is well settled that the courts will not send forth the extraordinary writ of mandamus, unless there is no other adequate remedy at hand. In Moore v. United States, 33 App. D. C. 597, 602, the late Chief Justice of this court said:

"Nothing is better settled than that the writ of mandamus cannot be * * * granted in any case where there is another adequate remedy."

To the same effect, see Seymour v. United States, 10 App. D. C. 567; In re Key, 189 U. S. 84, 23 Sup. Ct. 624, 47 L. Ed. 720; In re Pa. Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738, and United States ex rel. Hall v. Lane, 48 App. D. C. 279.

The application for the writ was properly denied by the lower court, and its judgment is affirmed, with costs.

Affirmed.