DETERMINED IN

# THE SUPREME COURT

OF THE

# TERRITORY OF ARIZONA,

## JANUARY TERM, 1881.

---

## NERI F. OSBORN, Appellant, *v.* E. P. CLARK, Territorial Auditor of Arizona, Respondent.

Mandamus Lies to Compel an Inferior Court, Board, or Officer to perform a duty enjoined by law, but unless the act to be done is purely ministerial, it can not command how it shall be done. If the act, whose performance it is sought to compel, is judicial or discretionary in its character, no court has power by its writ of mandate to command in what manner the act shall be performed.

Mandamus will not Lie to Compel an Officer to act on a matter upon which he has already acted, however erroneous his action may have been. The writ of mandate is in no case a process for the review or correction of errors.

No Officer of Territorial Legislature can be Allowed Any Compensation for his services beyond that which is provided by the laws of the United States.

Appeal from the district court of the second judicial district, county of Maricopa. The facts are stated in the opinion.

*John Haynes, Baker, Alsap, Lemon,* and *McCabe,* for the appellant.

*Fitch* and *Churchill,* for the respondent.

By Court, FRENCH, C. J.:

This is an application for a writ of *mandamus* commanding and enjoining the said auditor to draw his warrant on the territorial treasurer for the sum of one hundred and eighty dollars, under an act of the legislature of Arizona. No facts are stated in applicant's petition, but an affidavit of the applicant is annexed to the petition, from which it appears that petitioner was an officer of the legislative council of the session of 1881, as assistant clerk of said council, and that his claim is for compensation for services in that capacity. It further appears from the affidavit that the auditor has acted on the claim of applicant, which was five hundred and forty dollars, auditing and allowing thereon the sum of three hundred and sixty dollars, and has issued a warrant for the sum allowed, which has been accepted by petitioner.

This action of the auditor is fatal to petitioner's application for *mandamus.* If the auditor has erred in auditing petitioner's claim, such error can not be reviewed by *mandamus.* If it could be reached by writ at all, it must be by *certiorari,* not *mandamus.*

The writ of mandate lies to compel an inferior court, board, tribunal, or officer to act, but never to command how to act, unless the act be purely ministerial. If the act sought for be judicial or discretionary in its character, no court by its writ of mandate can command what this action shall be, much less can it command how and what the said action shall be after he or it has already fully acted upon the matter, no matter how erroneously. The writ of mandate is in no case a process for the review or correction of errors. But it is clear that the auditor committed no error as against petitioner. The error of the auditor, if any, was in favor of petitioner, as fully appears by the direct, positive, and express provisions of section 1855 of the United States statutes, as follows: "Section 1855. No law of any territorial legislature shall be made or enforced by which

the governor or secretary of a territory or the members or officers of any territorial legislature are paid any compensation other than that provided by the laws of the United States." Wherefore, it has been ordered that petitioner's application for a writ of *mandamus* be denied and his application be dismissed.

STILWELL, J., concurred.

PORTER, J., dissented.