[Civil No. 1429.   Filed October 17, 1914.]

[143 Pac. 567.]

Z. C. PRINA and L. J. BROSHEARS, Appellants, v. BOARD OF SUPERVISORS OF GRAHAM COUNTY, STATE OF ARIZONA, and A. C. PETERSON, PHIL C. MERRILL and W. L. NELSON, Members Thereof, Appellees.

1. ELECTIONS — ELECTION PRECINCTS — ESTABLISHMENT — "CONVENIENT." The word "convenient" means fit or adapted to an end, suitable, becoming or appropriate, and a convenient number of election precincts, within Civil Code of 1913, paragraph 2913, requiring the board of supervisors of each county prior to each general election to establish a convenient number of election precincts and define the boundaries when possible, is a fit, suitable or appropriate number of precincts, giving the voters a reasonable opportunity to cast their votes and sufficient to accommodate the needs of the voters in casting their votes.

2. ELECTIONS — ELECTION PRECINCTS — ESTABLISHMENT — REVIEW BY COURTS.—In establishing a convenient number of election precincts in the county, as required by Civil Code of 1913, paragraph 2913, the board of supervisors exercises a discretion within its jurisdiction, which is conclusive upon the courts and cannot be reviewed, unless its determination is the result of an abuse of discretion and injury results from such abuse; and hence the court could not by mandamus require the board to establish the boundaries of a district, so as to include only the territory of an incorporated town, notwithstanding the pending submission of a constitutional amendment prohibiting the importation and sale of intoxicating liquors, and of another amendment providing that when, upon the question of prohibition throughout the state, a majority of votes is cast against prohibition, the sale of intoxicating liquors shall be permitted in those towns

or precincts where a majority of the votes shall be against prohibition, and prohibited in towns or precincts where the vote is in favor of prohibition.

3. Mandamus—Subjects of Relief—Matters of Discretion.—Under Civil Code of 1913, paragraph 1553, authorizing the issuance of a writ of *mandamus* to compel the performance of an act which the law specially enjoins, the writ will not be granted to control the action of any inferior court, board or officer, wherein their acts are of a judicial character, or in which they are called upon to exercise discretion, or to command in what manner the act shall be performed.

[As to right of individual to *mandamus* to compel court or magistrate to perform duty, see note in Ann. Cas. 1912A, 1118.]

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Affirmed.

The facts are stated in the opinion.

Mr. F. C. Jacobs, for Appellants.

Mr. Lee N. Stratton, for Appellees.

PER CURIAM.—Plaintiffs commenced this action, praying for a writ of *mandamus* compelling the appellees, as members of the board of supervisors of Graham county, to re-establish the boundaries of election precinct No. 1 of said county so as to include therein only the territory covered by the corporate limits of the incorporated town of Safford, and exclude all territory lying outside of such corporate limits included in said precinct No. 1 as now defined. Plaintiffs alleged reasons and grounds for such change in the boundaries of said precinct: First. That two proposed laws have been initiated to be voted upon at the general state election to be held on November 3, 1914. One of said proposed laws is a constitutional amendment, which by its terms, if it becomes effective, will prohibit the importation and sale of intoxicating liquors of any kind within the state of Arizona after the 1st day of January, 1915. That the other proposed law is in its nature also a constitutional amendment, by the terms of which, if an election has been held, or is hereafter held, upon the question of prohibition throughout the state, and if a majority of the votes cast on such question shall be

or were against prohibition, each and every town or precinct where a majority of the votes cast on such question shall be or were against prohibition shall be deemed to have voted against prohibition, and the sale of intoxicating liquors shall thereafter be permitted; and when the vote cast in such town or precinct is in favor of prohibition the said town or precinct shall be deemed to have voted in favor of prohibition, and thereafter the sale of intoxicating liquors shall be prohibited therein. The plaintiffs allege that they are qualified electors and resident taxpayers of and within the town of Safford.

The respondents, as members of such board of supervisors, answered by objecting to the right of the plaintiffs to maintain the action, demurred to the complaint upon the grounds that the facts stated are not sufficient to constitute a cause of action or justify the relief demanded, and returned alleging that they as such board had, prior to June, 1914, established a convenient number of election precincts within Graham county, and had defined the boundaries thereof as the law requires, and that precinct No. 1 was at that date established by respondents, and that at their regular June, 1914, meeting they appointed the necessary election officers for said precinct No. 1 for holding the general election called to be held on the 3d day of November, 1914.

The parties have stipulated that the pleadings state all the facts. The cause was submitted to the court upon the pleadings. Judgment was rendered for the appellees, and the writ denied, from which judgment, and from the order refusing a new trial, plaintiffs have appealed.

The question of parties has not been greatly pressed by counsel, and from the view we take of the case on the merits we will concede, without deciding, that the plaintiffs have shown such an interest in the litigation as will justify the court in considering the cause on its merits. We do not decide the question whether the complaint upon its face discloses a defect of parties plaintiff. The vital decisive question is whether the facts stated constitute a cause of action—justify the relief demanded. No good purpose would be served by setting forth the allegations of the complaint in detail, but would extend this opinion to undue length. The controlling facts appear above.

Appellants contend that paragraph 2913, Civil Code of Arizona of 1913, casts upon appellees the plain legal duty to establish convenient election precincts for the accommodation of the voters of Graham county, and that election precinct No. 1, as established and existing, including the corporate limits of the town of Safford with a large territory lying outside of such corporate limits, in view of the pending enactment of the proposed laws, is not a convenient election precinct for the use of voters of the town of Safford. Paragraph 2913, *supra*, is as follows:

"The board of supervisors of each county must, prior to each general election, establish a convenient number of election precincts therein, and define the boundaries thereof when possible."

The word "convenient," as defined by Webster, is "fit, or adapted to an end; suitable; becoming; appropriate"; as used in our statute, *supra*, it qualifies the word "number." The word means, as used, "a fit, suitable, or appropriate" number of election precincts, in order that the voters may have a reasonable opportunity to cast their votes. The precincts must have designated polling places, and the number of precincts must be sufficient to accommodate the needs of the voters in casting their votes. What are a convenient, fit, suitable or appropriate number of election precincts to answer the purpose is left exclusively to the determination of the board of supervisors. When the board has determined that question, it must then establish such number of precincts and define their boundaries when possible. These duties have been performed, as we gather from the complaint. In the performance of these duties—at least, in determining the convenient number of election precincts—the board clearly exercised a discretion within its jurisdiction. Its determination is conclusive upon the courts, and cannot be reviewed, except it be shown that the determination is the result of abuse of discretion, and injury results from such abuse.

This action is not based upon the abuse of discretion lodged with the board of supervisors, but it is based upon a failure of the board to exercise the discretion in a particular manner, and upon a claim that injury may result to some one by reason thereof. "The writ of *mandamus* may be issued . . . to compel the performance of an act which the law specially

enjoins. . . . '' Paragraph 1553, Ariz. Civ. Code 1913. ''The writ . . . will not be granted to control the action of any inferior court, board, or officer, wherein their acts are of a judicial character, or in which they are called upon to exercise discretion.'' *In re Woffenden,* 1 Ariz. 237, 25 Pac. 647. Nor to command in what manner the act shall be performed. *Osborn* v. *Clark,* 1 Ariz. 397, 25 Pac. 797. It is a remedy to compel the performance of a duty required by law, when the party seeking relief has no other legal remedy, and the duty sought to be enforced is clear and indisputable. Both requisites must concur in every case. *Bayard* v. *United States,* 127 U. S. 246, 32 L. Ed. 116, 8 Sup. Ct. Rep. 1223. The law enjoining the duty must be in force; otherwise no duty exists. Certainly the board of supervisors cannot be compelled to perform an act that may, in the future, be required, in the event a proposed law becomes effective.

It is clear from the complaint and return that the board of supervisors of Graham county have failed to perform no act which the law specially enjoins with respect to establishing a convenient number of election precincts in Graham county and in defining the boundaries of election precinct No. 1. This court has no power to compel the board to define the boundaries of precinct No. 1, so as to make such boundaries conform to the corporate boundaries of the town of Safford, for any purpose. This would be clearly an act controlling the acts of the board, and commanding in what manner the board shall perform its duty. It is the settled law of this jurisdiction that this cannot be done. We find no error in the record.

The judgment is affirmed.