[Civil No. 1620.   Filed January 4, 1918.]

[169 Pac. 458.]

RICHARD V. DEY, Plaintiff, v. A. G. McALISTER, Judge
of the Superior Court of Graham County, State of Ari-
zona, Defendant.

1. MANDAMUS—WHEN ISSUED.—The function of a writ of mandate is to
compel the performance of an act which the law especially enjoins
as a duty resulting from an office, trust, or station, and issues when
the party has no other legal remedy, and the duty of which per-
formance is sought is clear and indisputable.

[As to performance of what duties may be compelled by *man-
damus*, see note in 125 Am. St. Rep. 492.]

2. MANDAMUS—REFUSAL TO SET CASE FOR TRIAL—RIGHTS OF LITIGANTS.
*Mandamus* will issue where a judge refuses to set a cause for trial,
because, in his opinion, there may be another cause pending on ap-
peal which involves the same issues, as litigants are entitled to have
their causes orderly determined and with reasonable expedition.

3. CONTINUANCE—FOR WHAT GRANTED.—That there is a cause pending
in the supreme court that may involve the same issues as the imme-
diate action cannot be raised on a motion for continuance, but the
court must proceed on the issues as pleaded.

Original proceeding.   Petition for Writ of Mandamus.

Mr. Ben C. Hill, Mr. R. W. Sprague and Mr. Frank E.
Curley, for Plaintiff.

Mr. A. C. McKillop, Mr. W. R. Chambers and Mr. John
H. Campbell, for Defendant.

FRANKLIN, C. J.—This is an application for a peremp-
tory writ of *mandamus* to issue from this court, compelling
the judge of the superior court of the state of Arizona in and
.for Graham county to set a cause for trial.   We will consider
the scope of the writ applied for as compelling action by the
superior court, as well as the judge thereof.   To do this will
prejudice no right of the defendant, and to do otherwise
would permit mere technicality to cause delay.

The function of a writ of mandate is to compel the per-
formance of an act which the law especially enjoins as a duty
resulting from an office, trust, or station.   Paragraph 1553,

Civil Code 1913. When the party seeking the relief has no other legal remedy, and the duty sought to be enforced is clear and indisputable, the writ ought to issue.

It appears that a certain cause, wherein Richard V. Dey is plaintiff, and Laurel Canon Mining Company, a corporation, J. A. Willis, C. H. Hodge, Charles H. Tanner, E. J. Van Dine, C. E. McBeth, Arthur Crowley, Ed Luxton, J. T. Vinyard, H. E. Fidler, and Al Davis, individually and as copartners doing business under the name of Laurel Canon Leasing Association, are the defendants, is pending in said superior court, ready for trial upon issues of both law and fact; that defendant refuses to take any action whatever in the matter so pending in said court until such time as the supreme court of Arizona shall render its decision in a certain cause appealed from said superior court. Litigants are entitled to have their causes determined orderly and with reasonable expedition. The trial judge is not justified in an arbitrary refusal to proceed with the timely determination of matters merely because, in his opinion, there may be another cause pending and undetermined on appeal which involves the same issues.

Such an issue, when properly raised, may be judicially determined; but such an issue cannot be raised, nor can it be judicially determined, on motion for a continuance. Whatever may be the status in this respect of the cause pending in the superior court for trial, such matters may be determined on the issues made by the plea in abatement which has been interposed. Plaintiff cannot be deprived of his right to have his cause heard upon the issues made by the pleadings by the unwarranted action of the court in continuing the same and refusing to decide the issues presented for decision. The writ to issue will not control the judgment of the trial court in the least degree, but its purpose will be to direct that those things required by law be done, that the court may proceed to its judgment upon the issues raised.

The peremptory writ will issue, directing the trial court to proceed to a hearing and determination of the issues made by the pleadings in said cause, at the earliest time consistent with the orderly and usual disposition of such matters and the practice of the trial court.

CUNNINGHAM and ROSS, JJ., concur.