[Civil No. 3506. Filed April 1, 1935.]

[43 Pac. (2d) 194.]

## ABRAHAM ACKERMAN, Appellant, v. CLARENCE E. HOUSTON, County Attorney, Appellee.

Mr. Abraham Ackerman, Appellant, *in pro. per.*

Mr. Clarence E. Houston, Appellee, *in pro. per.*

McALISTER, J.—In November, 1933, Abraham Ackerman presented to the justice of the peace of the Tucson precinct a criminal complaint charging Mrs. Eleanor Hill with the crime of perjury alleged to have been committed by her while testifying in a case entitled, *"Abraham Ackerman* v. *Southern Arizona Bank and Trust Company,"* and requested that officer to file it and issue a warrant for the arrest of Mrs. Hill, but he refused. Some days later Ackerman took the matter up with the county attorney and requested him to proceed with the prosecution

but he likewise declined. So on the 12th of December, following, he filed in the superior court of Pima county a petition for a writ of *mandamus* in which he sought to have the court issue an order directing the county attorney, Clarence Houston, to file a criminal complaint against Mrs. Hill and all other guilty parties, charging them with the crime of perjury. The court, Honorable Charles L. Hardy, of Santa Cruz county, presiding, the local judge having been disqualified by the petitioner, denied the application and it is from this ruling that the appeal has been taken.

In the action in which the alleged false statement was used the plaintiff was seeking an accounting of the rentals collected by the bank on his property in Tucson, Arizona, during the years 1921 to 1924, and the recovery of a judgment for the sum he claimed such an accounting would show to be due him by the bank, something over $8,000. That action was tried in 1933 and at the hearing a check dated July 28, 1914, and drawn by Ackerman to the order of one Sam Hughes for $1,966, was shown the witness Hill, who was then asked concerning it by the attorney for the bank, whether or not the statement of Ackerman's bank account which she held in her hand disclosed that on July 28, 1924, a check for $1,966 was withdrawn through the account, and to this Mrs. Hill answered, "Yes." The check was indorsed by Sam Hughes, Sr., and had written on it in the left-hand corner, "Paid in full for a lot on W. Congress Street." The plaintiff contends that the answer was not only false but corruptly, knowingly and feloniously so, and given to aid the bank, her employer, in avoiding its responsibility.

In declining to proceed with a preliminary hearing, the magistrate, before whom the plaintiff laid a full record of the case, and in refusing to take the matter

up with the magistrate, the county attorney, before whom he also placed the full facts, were both evidently fully satisfied that any misstatement Mrs. Hill may have made concerning the check in question was not intentional but merely inadvertent and the result of a misunderstanding as to the date involved in the question and, therefore, that there arose no occasion whatever to institute a criminal proceeding against her.

█ The purpose of the petition was to procure a writ commanding the county attorney to file a criminal complaint and an examination of the pertinent provision of the statute discloses that no such power is conferred upon that officer. Section 4929 of the Revised Code of 1928 reads as follows:

"Examination of complainant and witnesses; when warrant to issue. When such complaint is laid before a magistrate, he may also examine under oath, the complainant or prosecutor and may subpoena and examine witnesses as to the truth of such complaint; and if the county attorney so directs, he must subpoena and examine such witnesses. If the magistrate be satisfied from the complaint and from the examination, if an examination be had, that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he shall issue a warrant for the arrest of the defendant."

The county attorney represents the people in all criminal prosecutions and when information that a crime has been committed reaches him it becomes his duty to look into the facts thoroughly and, in those instances in which he feels that a crime warranting prosecution has been committed, prepare a complaint and lay it before a magistrate. When this is done, that officer may examine the complainant under oath and subpoena and examine other witnesses as to the truth of the complaint, and must do so if the county

attorney directs it. After this is done, if the magistrate is satisfied that the offense complained of has been committed and that there is reasonable ground to believe the person charged guilty thereof it is his duty to accept or file the complaint and issue a warrant for the arrest of the party charged. But whether the complaint be accepted or filed and a warrant for arrest issued is a matter wholly within the power of the magistrate, the county attorney's duties in connection therewith having terminated upon his laying before that officer a complaint and directing, when he thinks necessary, that he subpoena and examine witnesses as to the truth of the complaint.

▇▇ If the petitioner had asked that the county attorney be commanded to prepare a criminal complaint charging perjury and lay it before the magistrate it would at least have asked that he be directed to perform an act that in a proper case constitutes a part of his duty, but it is apparent that even this cannot be directed by *mandamus* in the absence of an abuse of discretion, because it is only the ministerial acts of an officer that may be enjoined by *mandamus* and in looking into the facts of an alleged criminal offense to ascertain whether a criminal action should be instituted a county attorney acts in a *quasi*-judicial capacity at least and must necessarily exercise judgment and discretion in determining whether the things complained of constitute a crime and warrant prosecution. *Prina* v. *Board of Supervisors,* 16 Ariz. 252, 143 Pac. 567. ''The duties of these officers in the main,'' to use the language of 38 C. J. 623, in speaking of prosecuting attorneys, ''are not ministerial but involve discretion, and as such are not subject to be controlled by *mandamus,* in the absence of an abuse of discretion. And as a general rule whether or not he shall bring suits or institute prose-

cutions are matters resting within his discretion and the performance of these acts cannot be compelled by *mandamus*."

The court was clearly correct in dismissing the petition and its order in so doing is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.