193 P.2d 921

### STATE v. PHELPS.

No. 5062.

Supreme Court of Arizona.

May 17, 1948.

Jack Choisser, City Atty., and Paul H. Primock, Asst. City Atty., both of Phoenix, for petitioner.

Morgan & Locklear, of Phoenix, for respondent.

LaPRADE, Justice.

On ex parte petition of the State of Arizona an alternative writ of mandamus was issued out of this court directing the respondent, the Honorable M. T. Phelps, as Judge of the Superior Court of Maricopa County, to forthwith proceed with the trial in criminal cause No. 19281 in the Superior Court of Maricopa County, wherein the state was plaintiff and G. C. Findley was defendant, or show cause why he should not do so.

The petition for the writ disclosed that Findley had been adjudged guilty in the police court of the City of Phoenix of vi-

olating section 68a, Ordinance 2570 of the General Ordinances of the city, relating to failure to yield the right of way to a motor vehicle which had already entered a street intersection.

The defendant appealed the judgment of conviction to the Superior Court and thereafter filed a motion to quash the complaint upon the ground that the State of Arizona had legislated on the same subject in section 66-112. A.C.A.1939, as a matter of state-wide policy and concern, to the exclusion of the City of Phoenix, and that therefore the ordinance was void. The court heard oral arguments on the subject matter and granted the motion to quash, discharged the defendant, and exonerated his bond. Section 44-2604, A.C.A.1939.

Petitioner contends that the court erroneously held that the city ordinance was void as a matter of law, and in the petition says that the court "has refused and still refuses to permit the trial of the defendant, * * * on the offense charged in the complaint of the City Court * * *." It is the position of the state that the trial court by sustaining the motion to quash in effect erroneously decided that it had no jurisdiction and that mandamus is the only remedy available to it.

By demurrer the respondent has challenged the sufficiency of both the petition and the writ on several grounds, among them (1) that neither the petition nor the writ states facts showing petitioner entitled to the writ; (2) that it appears from the petition and the writ that in quashing the writ respondent was acting within his jurisdiction and exercising the judicial discretion vested in him as a superior court judge; and (3) that the judgment entered may not be contested or reviewed in a mandamus proceeding.

■■ We briefly allude to several controlling rules that have long since been announced after careful and extensive analysis, to wit: Mandamus will issue to compel public officers, including judges of inferior courts, to perform an act which the law specifically enjoins as a duty arising out of the office. Section 28-201, A.C.A. 1939; Territory v. Board of Supervisors, 2 Ariz. 248, 12 P. 730; Graham v. Moore, 56 Ariz. 106, 105 P.2d 962; Dey v. McAlister, 19 Ariz. 306, 169 P. 458; State v. Valdez, 48 Ariz. 145, 59 P.2d 328. Mandamus is available where a court refuses to exercise jurisdiction rightfully possessed. New York Life Ins. Co. v. Phelps, 42 Ariz. 222, 23 P.2d 937; Ferris Extraordinary Legal Remedies, section 300, page 409. The judge can be compelled to act but not controlled. "If the act sought for be judicial or discretionary in its character, no court, by its writ of mandate, can command what this action shall be, much less can it command how and what the said action shall be after he or it has already fully acted upon the matter, no matter how erroneously." Osborn v. Clark, 1 Ariz. 397, 25 P. 797; Dey v. McAlister, supra; Prina v. Board of County Supervisors, 16 Ariz.

252, 143 P. 567; Maricopa County Municipal Water Conservation Dist. No. 1 v. La Prade, 45 Ariz. 61, 40 P.2d 94.

■ The state's right to appeal is confined to cases prosecuted by indictment or information, and it cannot appeal from an order sustaining a demurrer to a complaint. Section 44-2508, A.C.A.1939; State v. Moore, 48 Ariz. 16, 58 P.2d 752. Counsel for petitioner earnestly contend that since the state cannot secure a review by way of appeal the interests of the state will be irreparably damaged unless the writ is issued directing the judge to proceed with the trial. They insist that the dismissal of the appeal was not a judicial act within the jurisdiction of the superior court, citing Wheeling Bridge & T. Ry. Co. v. Paull, 39 W.V. 142, 19 S.E. 551; Golden Gate Tile Co. v. Superior Court, 159 Cal. 474, 114 P. 978 and H. L. Griffen Co. v. Howell, 38 Utah 357, 113 P. 326, 328. In this latter case it was said " * * * A court having conferred upon it jurisdiction may not divest itself of jurisdiction not depending upon facts, by an erroneous decision on matters of law that it has no jurisdiction. * * *"

In Floyd v. Sixth Judicial Dist. Court, 36 Nev. 349, 135 P. 922, 927, 4 A.L.R. 646, it was held that an inferior court which erroneously refuses to entertain jurisdiction on a matter preliminary to a hearing on the merits may be required to proceed by mandamus. This case involved an appeal from a money judgment secured in the justice court. The appellant deposited cash in lieu of an undertaking in the amount of the judgment and costs. A motion was made and granted to dismiss the appeal upon the ground that no undertaking had been filed for the payment of costs on appeal. The court analyzed its statutes relating to appeals, undertaking, and cash deposits in lieu of bond, determined that the cash deposit was equivalent to an undertaking, and concluded that the court had erroneously dismissed the appeal. A specially concurring opinion, briefly summarizing the majority opinion and reflecting the reasoning of the court, reads as follows: "Without conflict of authority, it is settled that when an inferior court erroneously determines that it has jurisdiction, its judgments and orders will be set aside by the higher courts. What reason exists for saying that if a court erroneously decides that it has not jurisdiction when it has, and dismisses an appeal for that reason, such decision cannot be disturbed; in other words, for saying that the converse of the rule has no application? The reason given is that the appellate court has jurisdiction of the case for all purposes, and therefore may dispose of the case by an order of dismissal if in its judgment it is without jurisdiction. The fallacy of this reasoning, I am convinced, lies in the assumption that the appellate court has jurisdiction for all purposes when the Constitution and statute prescribe that if an appeal is properly perfected it has jurisdiction only to determine the questions of law or fact involved.

in the pleadings or record on appeal. Hence justification exists for making no distinction between a mere refusal to proceed with the trial of a case for an erroneous assumption of want of jurisdiction and the dismissal of a case for the same erroneous reason. In other words, a court is without power to invest itself with a jurisdiction it does not possess, or to divest itself of a jurisdiction it does possess."

In Clayton v. State, 38 Ariz. 135, 297 P. 1037, the defendant was convicted first in the police court of violating an ordinance of the City of Phoenix making it an offense to drive a motor vehicle upon the streets of Phoenix while under the influence of intoxicating liquor. The judgment of conviction was appealed to the Superior Court where he was again adjudged to be guilty. Upon appeal to the Supreme Court it was held that the ordinance was invalid and that the court was without jurisdiction of the defendant or the subject matter. Relying upon the authorities cited counsel for petitioner reason that the court was without authority to determine that it had no jurisdiction over the subject matter; that the city ordinance is not invalid; and that the court could not divest itself of the jurisdiction that it possesses. It occurs to us that this reasoning is not warranted. The first duty of any court is to determine whether it has jurisdiction in the premises, and in so determining it is acting judiciously. In Tube City Min. & Mill. Co. v. Otterson, 16 Ariz. 305, 146 P.

203, 206, L.R.A.1916E, 303, this court said: "The test of jurisdiction is whether or not the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong. (Citing cases.)"

In this Tube City case our court quoted with approval from Manley v. Park, 62 Kan. 553, 64 P. 28, as follows: " ' "Jurisdiction over the subject-matter" is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or, under the particular facts, is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial. * * * By "jurisdiction over the subject-matter" is meant the nature of the cause of action and, of the relief sought; and this is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred. * * * The power to determine and decide a case includes the power to decide it wrong as well as to decide it right.' " See also Bates v. Mitchell, 67 Ariz. 151, 192 P.2d 720.

We are firmly convinced that the court in the instant case had jurisdiction over the subject matter. The city by the grant of power contained in its charter,

chapter IV, section 2, had the power to regulate the use of its streets and prescribe penalties for violations of valid ordinances enacted to accomplish these ends. Appeals from judgments of the police court to the Superior Court are specifically authorized by section 44-2601. The defendant had been haled into court and charged with a public offense. The court was then and there confronted with the question of whether it might rightfully proceed to put the defendant to trial.

■■ The validity of the complaint was challenged by a motion to quash, which is authorized by section 44-1003, A.C.A.1939. A motion to quash an indictment or information is available on numerous grounds. One of these is that the indictment or information does not charge the defendant with the commission of an offense. Section 44-1005(1) (a). In Keller v. State, 46 Ariz. 106, 47 P.2d 442, it was held that a complaint predicated upon a void city ordinance cannot state a public offense, and a conviction upon such a complaint is a nullity. Under our practice we see no reason why such a motion should not be available against a complaint; otherwise the court would be without jurisdiction to consider the validity of a statute or ordinance being used as a predicate for a criminal prosecution. This would place the court in an anomalous situation. In such a predicament the court might be fully convinced that the statute was invalid and still be helpless to do anything about it. The judge would be compelled to put the defendant to trial, which might result in a conviction, and then the defendant, having the right of appeal under statute, would be put to the inconvenience and expense of prosecuting an appeal to this court. If the point is made that no offense is stated for the reason that the statute or ordinance is void, then of necessity the court must inquire into the validity of the statute or ordinance.

■ This inquiry addresses itself to jurisdictional matters involving the merits of the prosecution (not on the question of guilt or innocence), the merits being the existence or lack of jurisdiction of the person and subject matter which depends upon the validity of the city ordinance. It is true that this case came to the attention of the superior court by way of an appeal, but section 44-2604 provides that every such appeal shall be tried de novo. This court in Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084, 1086, said: " * * * It is true that on such an appeal the defendant is entitled to a trial de novo and the case will be heard on both the law and the facts as though it has originated in the superior court. * * *"

■ The defendant did not file any preliminary motion to dismiss the appeal. Under the procedure prescribed there was no review by an appellate court of the proceedings had before the police magistrate, but rather the proceedings were conducted as though they had originated in the supe-

222

rior court. The motion to quash the complaint was not upon the ground that the court did not have jurisdiction to hear and determine the motion, but specifically invoked the court's jurisdiction to judicially determine whether the city ordinance was void and if so that no legal prosecution could be had thereunder. Errors committed in the exercise of a judicial discretion cannot be reviewed or corrected by mandamus. Collins (Board of Supervisors) v. Krucker, 56 Ariz. 6, 104 P.2d 176. In Crocker v. Justices of Superior Court, 208 Mass. 162, 94 N.E. 369, 370, 21 Ann.Cas. 1061, it is said: "* * * Proceedings of inferior tribunals within their jurisdiction in the exercise of the power confided in them cannot be revised in this way. It does not lie to correct errors committed in the course of trial, even though there be no remedy by exception or appeal. Selectmen of Gardner v. Templeton St. R. Co., 184 Mass. 294, 297, 68 N.E. 340; Finlay v. [City of] Boston, 196 Mass. 267, 270, 82 N.E. 5; McCarthy v. Street Com'rs, 188 Mass. 338, 74 N.E. 659; In re Key, 189 U.S. 84, 23 S.Ct. 624, 47 L.Ed. 720. * * *"

Also in Leftridge v. City of Sacramento, 59 Cal.App.2d 516, 139 P.2d 112, 117: "Numerous cases hold, and the rule is firmly established that mandamus may not serve the purpose of a writ of error even though no appeal or writ of error is granted by law. J. & W. C. Shull, Inc., v. Merced Irrigation Dist., 90 Cal.App. 270, 265 P. 965; 16 Cal.Jur. 811, § 29; 34 Am.

Jur. 842, § 50. The right of appeal is statutory. None exists unless the legislature sees fit to grant it. * * *"

The right of appeal, whether in a criminal or civil proceeding, exists only by force of the statutes. Hancock v. State, 31 Ariz. 389, 254 P. 225; Smith v. Trott, 36 Ariz. 166, 283 P. 726; Beach v. Superior Court of Apache County, 64 Ariz. 375, 173 P.2d 79, 81. Where no appeal is afforded, this court is without jurisdiction to pass upon the merits of a controversy. It may not in a mandamus proceeding review or set aside an order of the superior court where the court has the discretion to decide. It is not the province of the writ of mandate to control the power of decision, which belongs to nisi prius courts in the exercise of their jurisdiction. This court has no power to legislate and to allow appeals where none are allowed by statute. It is for these reasons that mandamus may not be resorted to in lieu of an appeal.

Having concluded that the trial court had jurisdiction of the subject matter and was exercising its judicial discretion and judgment in holding that the city ordinance was void; that no appeal lies to this court; and that mandamus cannot be used to correct or review a judicial discretion which might be erroneous, we are logically estopped to consider the correctness of the court's determination that the ordinance was invalid. We therefore decline to consider the correctness of the

court's ruling. Accordingly the alternative writ should be quashed, and it is so ordered.

STANFORD, C. J., and UDALL, J., concurring.