299 P.2d 179

**Horace J. CHESLEY et al., Appellants,**

v.

**Doris J. JONES, Appellee.**

**No. 6193.**

Supreme Court of Arizona.

June 26, 1956.

Rehearing Denied Sept. 25, 1956.

2

T. J. Mahoney, Pinal County Atty., Florence, for appellants.

Irwin Cantor, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of the superior court of Pinal County ordering the issuance of a peremptory writ of mandamus, directed to defendants (members of the school board) in that action, commanding them to execute a new contract of employment with the plaintiff.

Plaintiff, Doris Jones, had been employed by defendants to teach at Carver School, Eloy, Arizona. She was certified as a probationary teacher under the provisions of sections 54–1009 to 54–1018, A.C.A. 1939, 1952 Cum.Supp. [A.R.S. §§ 15–251 to 15–260], and had nearly completed her third consecutive year in this position. Had her contract been renewed for the school year 1955–1956, at the end of the year she would have been entitled to certification as a "continuing teacher", acquiring this status under Arizona's "Teacher Tenure Law."

On March 14, 1955, plaintiff received a written notice signed by H. J. Chesley, Superintendent of elementary schools, Eloy, Arizona, which is reproduced as follows:

"This is to notify you that your teaching contract will not be renewed for the 1955–56 school term. The board feels that it is unwise to employ three teachers from the same family on continuing contracts in a five-teacher school.

"They feel that this is especially true in view of past criticism from the patrons of the school.

"This action in no way reflects on your teaching ability or character, and both the board and superintendent will do everything possible to aid you in securing another teaching position."

Plaintiff, with the aid of others, attempted to negotiate with the defendants for a new contract but was not successful. It was shown at the trial that plaintiff was a competent teacher holding an A.B. degree and having taken additional advanced work. Her moral character was attested to as excellent. There was a vacancy for a teacher both at the Carver School and another school within the district for white children at which all teachers employed were white. Three witnesses testified that defendants Chesley and Beauchamp had stated that no more colored teachers would go on tenure. These defendants denied they had made such a statement. Defendant Shay testified that he would not consider hiring a Negro to teach in a white school.

During the first two years plaintiff taught she was unmarried. During the third, plaintiff was married to the son of Mr. and Mrs. P. A. Jones, both of whom are teaching at Carver School, and had signed her teaching contract with her married name, Doris Reager Jones. The following March she was notified that her teaching contract would not be renewed.

Subsequently plaintiff filed a petition in the superior court of Pinal County for a writ of mandamus directing the school board to reinstate her as a teacher and to issue to her a new contract for the year 1955–1956. An alternative writ was issued July 22, 1955, and upon a hearing of the evidence, a peremptory writ of mandamus was issued August 22, 1955, commanding the school board to execute an employment contract to plaintiff for the school year 1955–1956.

Appellants first assign as error that the court below erred in considering the construction of sections 54–1009 through 54–1018, A.C.A.1939, 1952 Cum.Supp. [A.R.S. 15–251 to 15–260], popularly known as the "Teacher Tenure Act", upon the ground that this question had not been raised by the pleadings of appellants in this action.

The appellants here were defendants below, and their assignment of error based upon the court's consideration of certain matters upon the ground that they were not raised by their own pleadings below is without merit. The issue was raised by plaintiff in Paragraph III of her complaint in which it is alleged that:

"* * * the School Board did not wish to permit any more members of the Negro or African Race to attain teaching tenure under the laws and statutes of the State of Arizona."

This paragraph is incorporated in both plaintiff's first and second causes of action

**4**

and is sufficient to justify our consideration of the statutes relating thereto.

■ The second assignment of error does not conform with Rule 5(c), subd. 1, Rules of the Supreme Court, 1956, and will not be considered. In any event its consideration could not change the result reached herein.

. ■ The third assignment of error states that the trial court erred

"In holding that under our Teacher Tenure Act the decision of a Board of Trustees to dismiss a probationary teacher is subject to review by the courts."

This matter was squarely met in the case of Tempe Union High School Dist. v. Hopkins, 76 Ariz. 228, 262 P.2d 387, 390. In that case it was pointed out that in the passage of sections 54–1011 and 54–1012, 1952 Cum.Supp., A.C.A.1939 [A.R.S. 15–253, 15–254]:

"* * * that the legislative intent was to provide for a hearing and appeal to the courts upon dismissal of a continuing teacher and to deny such right to a probationary teacher. * *"

The court there held that sections 54–1009 to 54–1018 inclusive, supra, and statutes of like character

"* * * creating a special procedure for the protection of personal rights must be strictly followed and the failure of either party to comply therewith loses whatever rights the

law was intended to protect." Citing Fresno City High School District v. De Caristo, 33 Cal.App.2d 666, 92 P.2d 668.

We then stated that failure to state the reason or reasons in said notice for terminating a probationary teacher's contract as provided by the statute was in law no notice at all and that such notice was therefore void; that under the law, her contract was automatically renewed by operation of law on March 15, 1952 (this being the date on or before which notice of termination is required by the statute to be given) ; that there remained only the ministerial act on the part of the board of reducing her contract to writing, hence mandamus would lie and was the proper remedy.

The circumstances in the instant case are entirely different. The board expressly stated that it would not renew plaintiff's contract for the ensuing year for the reason that it felt it unwise to employ three teachers from the same family on continuing contracts in a five-teacher school, especially in view of past criticism from the patrons of the school.

■ There is nothing in the sections 54–1009 to 54–1018, inclusive, supra, giving the court the power to review the reason given by the board for terminating the contract of a probationary teacher. Therefore unless the reason given is so unreasonable, arbitrary and capricious and about which reasonable men could not differ, the

courts are without jurisdiction to review the action of the board in mandamus proceedings. In other words, courts may not invade the discretionary powers of an administrative body unless it clearly appears that in its exercise it has been guilty of an abuse thereof. Ackerman v. Houston, 45 Ariz. 293, 43 P.2d 194; Peters v. Frye, 71 Ariz. 30, 223 P.2d 176; Collins v. Krucker, 56 Ariz. 6, 104 P.2d 176, 179; Brown v. City of Phoenix, 77 Ariz. 368, 272 P.2d 358. We cannot say that the reason given for terminating plaintiff's contract is not a valid reason or that reasonable men might not disagree as to its validity or invalidity. It follows that mandamus will not lie in this case.

Judgment reversed with instructions to quash the peremptory writ of mandamus and to dismiss plaintiff's complaint.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.