STATE of Missouri ex rel. STATE HIGH- WAY COMMISSION of Missouri, Relator,

v.

Honorable Emery W. ALLISON, Judge of the 39th Judicial Circuit of Missouri and the Circuit Court of Pulaski County, Respond- ent.

No. 45457.

Supreme Court of Missouri.

En Banc.

Nov. 12, 1956.

Rehearing Denied Dec. 10, 1956.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for relator.

Miller, Fairman & Sanford, by John H. Fairman, Springfield, Stewart, Reid & Turner, by A. Ronald Stewart, Springfield, Claude T. Wood, Richland, Thomas A. Shockley, Waynesville, J. Howard Hannah, Springfield, H. O. Eldredge, Waynesville, Arthur B. Cohn, Waynesville, for respondent.

DALTON, Judge.

·This is an original proceeding in mandamus. Relator seeks the mandate of this court to require Honorable Emery W. Allison, Judge of the 39th Judicial Circuit of Missouri to exercise jurisdiction and proceed with a certain condemnation action, entitled State ex rel. State Highway Commission of Missouri, plaintiff, v. Philip R. Lynch, et al., defendants, which said cause is pending before respondent in the Circuit Court of Pulaski County and, particularly, to require respondent to proceed with the cause and disregard a certain stay order entered by him staying all proceedings in said cause until the disposition by this court of a particular appeal by certain parties as hereinafter stated. Issuance and service of our alternative writ was waived and respondent has filed his return to our alternative writ and his answer to relator's petition. Relator has since moved for judgment on the pleadings and the cause has been briefed, argued and submitted.

■ The essential and decisive facts are not in dispute. This clearly appears from respondent's return, answer and exhibits and the admissions in his brief. Relator is a corporation created by special law with authority to sue and be sued in its official name. See Laws of Missouri, First Extra

Session 1921, pp. 131–167, and Secs. 226.-020 and 226.100 RSMo 1949, V.A.M.S. We take judicial notice of the constitutional and statutory provisions by which the relator is vested with specified powers and duties. Secs. 29 and 30, Art. IV, Const. of Mo. 1945, V.A.M.S. and Chapters 226 and 227 RSMo 1949, V.A.M.S.

On July 21, 1955, relator filed its petition in the Circuit Court of Pulaski County, before the respondent, by which petition relator sought to acquire by condemnation proceedings an easement for right of way over specifically described real estate for the improvement of a highway, now known as U. S. Route 66, and to acquire certain further easements and rights, as in the petition particularly described. As to certain named defendants, the relator sought only to acquire all abutters' rights of direct access between the highway known as U. S. Highway 66 and the abutting lands of the named defendants. It is admitted that process had been issued and served upon all of the parties named as defendants in this condemnation petition. Among the properties sought to be acquired was an easement for right of way across a particularly described tract of real estate 5 feet by 80 feet, amounting to some 0.01 acres in area, alleged to be owned by defendants Philip R. Lynch and Leati A. Lynch.

Thereafter, before any hearing upon said petition or the appointment of commissioners, relator filed a written dismissal of its cause of action against defendants Philip R. Lynch and Leati A. Lynch and said defendants appeared and objected to the dismissal on the ground that said defendants were "necessary statutory defendants to said action", since they were the owners of property abutting on Highway 66 and because relator had filed a detailed plan, maps and a petition showing the plan for the proposed improvement of the highway along and adjacent to their property. They alleged that, unless they were continued as parties defendant in said condemnation proceeding, they would have no statutory right of action against the State Agency filing said condemnation proceeding because of their consequential damages which might result from the fact that relator proposed to construct an outer roadway on its previously acquired right of way abutting defendants' property and between defendants' property and a proposed throughway. They alleged that the entryways and exits between the outer roadway and the proposed hard-surface throughway would be on either side of their property and would deny direct access from their property to the throughway to the damage of their abutting property.

A hearing was had as to relator's dismissal of the action as to these defendants. Respondent's return and answer sets out evidence heard by the court, in part, as follows:

"Q. After the outer roadway is constructed, will it be possible at all for Mr. Lynch to have access directly from his property onto the throughway? A. Not to come straight out, at right angles to the highway from his property. He would come onto the outer roadway and then would have to go to one or the other of the entrance points that we just mentioned, Stations 980 or 996. * * *

"Q. That is the plan approved by your Chief Engineer, is it not? A. Yes, sir.

"Q. And it's on that plan that you have, this action has been filed, is it not? A. I believe so; yes. * * *

"Q. And that there will be no right of access over any part of an entrance which lies between said outer roadway and the throughway, do you propose to do that? A. Yes; there will be no entrance between the outer roadway and the throughway except at this Station 980 or 996. There will be crossovers there from the outer roadway to the throughway."

Thereafter, respondent entered the following order: "Plaintiff's motion to dismiss as to defendants Philip R. Lynch and Leati A. Lynch sustained and cause dismissed as to them." After motion for a new trial had been filed and overruled, the said defendants took an appeal to this court from the said order and judgment of dismissal.

Prior to the Lynch appeal, numerous owners of property abutting upon relator's previously acquired right of way, not parties defendant in relator's condemnation proceeding, filed motions to intervene as defendants and as additional necessary parties therein on the theory, among others, that relator's proposed plan of improvement and the construction of the outer drives or service roads and the control of traffic entering the throughway or main trafficway would result in a taking without compensation of their alleged rights to have direct access to, from, and across such right of way from their abutting properties to the throughway of the proposed highway. These claimed rights are not to be confused with the right of ingress and egress to and from their respective properties to the adjacent outer drives or service roads which relator proposes to construct upon its previously acquired right of way.

Pending a determination of the several motions to intervene and to be made parties defendant in the condemnation action, certain defendants and certain persons who had filed motions or petitions to intervene filed motions in the condemnation action to stay all further proceedings in that action pending the disposition by this court of the appeal taken by Philip R. Lynch and Leati A. Lynch from the order and judgment of the Circuit Court sustaining relator's dismissal of its cause of action as to said defendants.

A hearing was had before respondent upon these motions to stay proceedings. Respondent has favored us with a partial transcript of these proceedings, which transcript shows respondent's position and the arguments presented, and it appears that the motions to stay were vigorously contested by relator on the ground that the motions were "nothing but a delaying action all the way through," and that sustaining the motions would result in unreasonable delay of an important public improvement. Counsel for relator further took the position the condemnation proceeding should "not be tied up" and that if the Lynch appeal was sustained the relator would only have "to file another condemnation suit and acquire an additional interest." Counsel further pointed out and advised respondent that "If we can dismiss * * * and you have so ruled * * *, and you allow these gentlemen to intervene, I'll turn around and dismiss to them; and you have ruled that they can * * *. They can go up on appeal." It clearly appears that counsel for relator was urging respondent to promptly take up the motions to intervene and was contending that relator was "entitled to go on and condemn under the laws, and the constitution of the state," while respondent pointed to the Lynch appeal and argued: "Regardless of whether I rule one way or the other on the motions to intervene, if the Supreme Court, when that is finally decided, says that I was wrong, that the opposite should have been the rule, why, then, have we gained anything by taking up those motions?" Respondent further took the position that "the question on appeal in the Lynch matter would be determinative of the questions on the motions to intervene"; and contended that "if we stay the whole proceeding it will save everybody a lot of trouble and costs until the Supreme Court decides that one thing, and that ought to clarify the whole picture." Thereafter, on January 3, 1956, respondent entered an order in the condemnation proceeding as follows: "Now on this day by Order of Court all motions to stay proceedings sustained and further proceedings sustained pending opinion and decision of Su-

preme Court on the appeal now pending of defendants Lynch et al."

The foregoing order staying all proceedings in the condemnation proceeding is the basis assigned for this proceeding to require respondent to accept and exercise jurisdiction and proceed with the condemnation case and the determination of all the issues before him in said cause to a final disposition thereof.

In this action we must take the facts as we find them admitted in the record presented. The record clearly shows that the sole ground relied upon by respondent for sustaining the several motions to stay all proceedings and for his order staying all proceedings in the condemnation case was the appeal attempted to be taken by defendants Lynch from the order of the court permitting the relator to voluntarily dismiss "its cause of action against the defendants, Philip R. Lynch and Leati A. Lynch." Respondent's return, answer and exhibits show the reasons assigned by respondent at the time for refusing to hear or rule the pending motions to intervene and the reasons assigned for refusing to otherwise proceed with the pending action. In such situation it is unnecessary to consider many matters attempted to be raised as defensive, since they were not under consideration at the time the stay order was entered. Clearly respondent refused to take up, hear and rule any of the pending motions to intervene and refused to proceed with the cause in any manner, but stayed all proceedings, as stated. He did express the opinion that, in ruling that relator had a right to dismiss as to defendants Lynch, he had almost ruled on the motions to intervene, but he declined to take up such motions or to rule them.

In this court respondent contends that "relator does not have the absolute right and power, without compliance with the statutory requirements in condemnation proceedings, to proceed to acquire property and, therefore, does not have the legal right to demand (that) respondent proceed with this case." Respondent further says that relator "has not complied with the statutory requirements in the condemnation proceedings." Respondent argues that it must appear that the acquisition is for public use; that the court must be satisfied that due notice of the pendency of the petition has been given to the owners of the land; that, while relator has the power to determine the necessity for the exercise of eminent domain, it is for respondent to determine if the manner of exercise is proper; that due process of law is required in condemnation proceedings; and that the statute, Sec. 523.010 RSMo 1949, V.A.M.S. "makes it mandatory for the condemnor to make all persons party defendants if they are either in actual possession of the premises to be affected, claiming title, or have title to the premises appearing of record upon the proper records of the county." The refusal to proceed was not based upon any of these grounds.

It is admitted that relator's condemnation petition has been filed and service of process has been had on the named defendants; and that the cause is pending before respondent. It also appears from respondent's return, answer and exhibits that some of the named defendants have filed answers, motions and other pleadings in which some of the matters hereinbefore mentioned are presented. It also appears that numerous motions to intervene have been filed and remain undetermined. It does not appear that respondent has at any time ruled or determined that "relator has not complied with the statutory requirements in the condemnation proceedings." It does appear that instead of proceeding with the cause and determining the issues raised by the pleadings, the respondent has stayed all proceedings for an indefinite time, as stated. The fact that many issues remain undetermined in the pending proceeding constitutes no valid basis for the refusal to proceed further, pending the disposition of the Lynch appeal.

Respondent further contends that mandamus will not lie to require him, as judge, to accept and exercise jurisdiction over all the issues affecting all the land, as tendered by the condemnation petition in question, because he has assumed jurisdiction and has proceeded with the cause; that he is proceeding according to law; that he has not refused to exercise jurisdiction or taken the position that he is without jurisdiction; that in the course of the proceeding and in the exercise of a sound judicial discretion he has determined that all further proceedings in the pending cause should be stayed, until the disposition by this court of the Lynch appeal. He insists that the Lynch "appeal embraces the same basic issues now involved in the condemnation proceedings and will dispose of the entire controversy between the parties to and movants in the condemnation suit." Respondent construes his order sustaining the dismissal of the cause of action as to the two Lynch defendants as a holding that these defendants "were not necessary parties to said condemnation action." Respondent says that he did not stay all proceedings in the cause "indefinitely or forever, but only until a decision had been rendered in the Lynch appeal." As grounds for his position that "the ruling in the Lynch appeal will effectually dispose of the pending controversies in the condemnation action" and will settle the controversy "for those abutting property owners seeking to intervene," the respondent argues that "the fact that the other named defendants in the condemnation suit are not joined parties in the Lynch appeal does not destroy the identity of parties, subject matter, issues and relief demanded, and does not make it a separate action."

Respondent refers to the Lynch appeal as involving a part of the same cause of action and the same original parties as the condemnation action. He further insists that "the entire condemnation action and proceedings pending before respondent would be void in entirety as to all parties, including even those named party defendants, if respondent would be forced to proceed before a decision in the Lynch appeal had been rendered determining whether or not the Lynches should be made a party to the proceedings and the applications of intervenors allowed by respondent." The Lynch defendants claim no interest in any property alleged to belong to other defendants. None of the parties petitioning for intervention in the condemnation proceeding claim any ownership of any of the specific properties or rights described in the petition for condemnation and alleged to be owned by parties named as defendants therein. Each of the petitioners for intervention seeks the protection of property rights claimed to be owned by him by reason of the ownership of property abutting the highway, which abutting property is not described in the petition or alleged to be owned by the named defendants.

In further support of the contention that respondent has exercised a sound judicial discretion in staying all proceedings in the condemnation action pending the disposition of the Lynch appeal, the respondent argues that "the basic issue and question underlying all of the controversies between relator and the defendants in the condemnation suit raised by motion or otherwise therein and in the appeal by the Lynches, is whether or not relator has the right to construct a service road upon a right of way previously acquired by relator, and thereby take from an owner of property abutting said highway *his right of direct access to, from and across the right of way to the throughway of the highway without first acquiring the right of direct access lying between the proposed service roads and the throughway of the highway* by deed or by condemnation, and the payment of damages or reasonable compensation to the property owner on account of such taking"; and that "the condemnation proceeding involved herein is a test case filed by relator in which it seeks to condemn and take certain rights of

abutting property owners *without making them parties to the action.*" (Italics ours.)

Respondent further argues that "the condemnation petition itself is clearly drafted on the basis that relator can take the existing abutter's rights of direct access without naming the abutting owners party defendants. and without adjudication of damages, if any." Respondent insists that: "The right and power to make the appropriation without the exercise of the power of eminent domain, without a determination of damages by commissioners or by jury and without the payment of compensation for the taking is the basic issue. here, and. in the Lynch appeal." These last contentions are directly in conflict with respondent's. further admission that, "It is also basic that no property right can be acquired unless the owner thereof was a party to the condemnation proceeding." It is admitted that the parties seeking to intervene are not named as defendants in the condemnation proceeding. Clearly, there could be no taking of their property or rights by direct operation of the judgment sought by relator. Laclede Gas Company v., Abrahamson, Mo., 296 S.W.2d 100.

The exhibits filed by respondent tend to indicate respondent's recognition of the great public importance of the proposed improvement and indicate his reluctance to wrongfully interfere with the highway construction plans. He did, however, rule upon the alleged right of the relator to dismiss the proceedings as to the Lynch defendants, but he refused to proceed further, although admitting that almost exactly the same issue was presented by the various petitions and motions to intervene. His own exhibits show that he refused to take up, hear or rule the pending petitions and motions to intervene, or to proceed further with the action and instead stayed all proceedings, as stated.

■ On the issue of respondent's alleged exercise of discretion, we must also consider that the proceeding in question is a condemnation action instituted by the State Highway Commission under Chap. 523 RSMo 1949, V.A.M.S. (and see Sec. 226.270 RSMo 1949, V.A.M.S.) to obtain specifically described easements and rights from specifically named defendants as the owners of specifically described real estate for the purpose of improving a nine mile section of U. S. Route 66 across Pulaski County. The detailed plans for the improvement are. on file, as stated. Respondent recognizes relator's statutory power to exercise the right of eminent domain, subject to due process of law and the compliance with statutory requirements. The several statutory provisions governing the exercise of the power of eminent domain evidence a legislative policy to provide for a prompt acquisition of property and rights for public use by those to whom the power of eminent domain is given. The policy mentioned is well illustrated by reference to Secs. 523.040 and 523.050 RSMo 1949, V.A.M.S. Provision is made that litigation involving the amount of damages for the property and rights taken shall not prevent or delay the acquisition of the property. While Secs. 523.010 and 523.020 RSMo 1949, V.A.M.S. provide that the condemner may join as defendants in one petition, the owners of such parcels of land as plaintiff may elect which lie within the county or circuit, there is no requirement that all parcels sought to be condemned in any county or circuit be joined in the one petition and, even if joined, provision is expressly made for the separate assessment of damages. Secs. 523.020, 523.040 and 523.050 RSMo 1949, V.A.M.S.

■ The contention that the Lynch appeal is a sound basis for the exercise of judicial discretion to stay all proceeding in the condemnation case, because a disposition of the Lynch appeal will effectually dispose of all controversies in the condemnation action, is without merit. The only parties to the Lynch appeal were the Lynches and relator. The primary issues on that appeal concerned the right of relator to voluntarily dismiss as to the

Lynches as parties defendant and the right, if any, of the Lynches to appeal from such a judgment. No dismissal or appeal as to any other party is involved, or proposed. The cause of action and subject-matter thereof as against the Lynches was not the same as that against the other defendants because the easement sought across the 5 x 80 tract was solely the property of the Lynches. The other defendants had no interest therein and claimed none. No abutters' right of direct access between the highway right of way and the abutting lands of the Lynches was described or sought to be acquired. No judgment could have been obtained against the Lynches after the dismissal. The Lynch appeal could in no way be determinative of any issue pending before respondent in the condemnation proceeding.

■ We need not determine whether the Lynches were aggrieved by the judgment of dismissal or whether they had any right of appeal, or whether relator had the absolute right to dismiss its cause of action against the Lynches, or whether the proposed plan of traffic control after the improvement is completed will give the Lynches, or any of the parties seeking to intervene, a cause of action for consequential damages. The Lynches in their pleadings concede that their damages, if any, will be "consequential damages", in that the proposed "limitation of defendants' right of ingress and egress will constitute a taking of their present existing abutters' right of access and will damage and depreciate the value of defendants' abutting property;" and it is alleged that relator is constructing a new drain that "will cause water to overflow and damage defendants' abutting property." In any event, on the admitted facts, the Lynches could have no cause of action for consequential damages prior to the infliction of the damages, or prior to the acquisition of property for right of way and the construction of the proposed improvement. Laclede Gas Co. v. Abrahamson, supra. The mere filing of the plans for the proposed improvement with the county clerk of the county could give no cause of action or right to the Lynches or make them necessary parties to relator's action to acquire the necessary right of way and rights for the construction of the proposed improvement. The respondent having determined that the Lynches were not necessary parties to the condemnation proceeding had no discretion to stay all other proceedings in the action pending the disposition of that appeal. We find no basis in law or fact to support the exercise of discretion to stay all proceedings in the condemnation action pending the decision of the Lynch appeal. Respondent acted arbitrarily and abused his discretion in staying all proceedings, as stated. Dey v. McAlister, 19 Ariz. 306, 169 P. 458.

Respondent, however, further contends that relator is not entitled to mandamus, because part of the relief asked cannot be granted and therefore none is authorized. State ex rel. Hart v. City of St. Louis, 356 Mo. 820, 204 S.W. 234, 240(7-8). This contention is based upon the theory that the relief asked is for the immediate appointment of commissioners regardless of pending motions, et al. Respondent says that "to require respondent to proceed to appoint commissioners and to have compensation ascertained would be to control the decision of respondent and to require him to decide the question of the validity of the condemnation proceeding in one way only * * * namely, that there is nothing unconstitutional, invalid or void in the manner relator is proceeding to acquire the rights of direct access it is seeking * * * that the Lynches and intervenors do not have any right to be made parties to such proceedings"; and that "this would be telling respondent how a question should be decided, requiring him to decide such question in a particular way and controlling his decision in a discretionary matter."

■■ We do not so construe the prayer for relief in relator's petition. We construe the prayer as requesting that respond-

ent be required to accept and exercise jurisdiction over the condemnation case and its proceedings and to proceed to a final determination of all issues properly before him. While it is not the function of a writ of mandamus to direct the course of judicial action in a given cause, the writ may issue to compel a respondent clothed with judicial power, to proceed with a cause pending before him. State ex rel. McDermott Realty Co. v. McElhinney, 246 Mo. 44, 56, 151 S.W. 457; State ex rel. Foraker v. Hoffman, 309 Mo. 625, 274 S.W. 362, 363. On the facts here, relator has no other adequate remedy.

We have examined the other contentions of respondent and find them without merit. Our alternative writ of mandamus should be made peremptory. It is so ordered.

All concur.